NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| DONALD PRASS, | Civil Action No.: 2:18-cv-17389 |
| --- | --- |
| Plaintiff, | |
| v. | OPINION & ORDER |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant New Jersey Department of Corrections ("Defendant") to dismiss Plaintiff Donald Prass's ("Plaintiff") Complaint (ECF No. 1, "Compl."). ECF No. 5. No oral argument was heard. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is DENIED.

I. **BACKGROUND**

This action arises out of Plaintiff's employment with the Defendant. Compl. ¶ 10. Plaintiff is originally from Guyana but lives in Newark, New Jersey and has worked for Defendant for the last twenty years. Id. ¶¶ 17–18. Defendant originally hired Plaintiff as an Accountant in December 1999. Id. ¶ 18. Although Plaintiff performed well as an Accountant, Defendant demoted him to Senior Clerk Bookkeeper in July 2000. Id. ¶ 20. Subsequently, Plaintiff became an Accountant Assistant with Defendant in September 2003, was promoted to Auditor Accountant III in February 2015, and was promoted to Accountant II in January 2016. Id. ¶¶ 22, 24, 26.

In June 2012, before his promotions, Plaintiff brought suit against several parties, including Defendant, in the Superior Court of New Jersey. ECF No. 7 at 2. There, Plaintiff alleged that Defendant failed to promote him based on his race, ancestry and/or national origin in violation of

the New Jersey Law Against Discrimination ("NJLAD"). ECF No. 5-3 at 12.[1] On March 6, 2014, the Superior Court dismissed the case with prejudice after the parties settled. Id. at 2.

In 2016, Plaintiff learned that Defendant was paying him between $6,500 and $19,000 less than some of his comparable American-born colleagues. Compl. ¶ 28. Plaintiff filed a grievance concerning this pay disparity with the Equal Employment Division ("EED"). Id. ¶ 32. The EED Director responded that Plaintiff's grievance was a personnel issue for human resources, not a discrimination matter. Id. ¶ 33. Human resources never contacted Plaintiff about his grievance or addressed the pay disparity. Id. ¶¶ 34–35. Thus, Plaintiff filed this action in December 2018. Id.

In his Complaint, Plaintiff alleges that by paying him significantly less than his similarly situated American-born colleagues, Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the NJLAD. Id. at 1. Defendant filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiff opposed the motion (ECF No. 7), and Defendant replied (ECF No. 8).

## II.  **LEGAL STANDARD**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations must support a right to relief that is more than speculative. *See Twombly*, 550 U.S. at 555. A complaint "that

---

[1] The Court takes judicial notice of the state court complaint and subsequent dismissal (ECF No. 5-3). *See City of Pittsburgh v. W. Penn. Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) (stating that in evaluating a motion to dismiss, courts may also consider and take judicial notice of public records).

2

offers 'labels and conclusions' or . . . . tenders 'naked assertions' devoid of further factual enhancement,'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

The party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The inquiry under Rule 12(b)(6) "is not whether plaintiff[] will ultimately prevail in a trial on the merits, but whether [he] should be afforded an opportunity to offer evidence in support of [his] claims." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002).

### III. **DISCUSSION**

Defendant argues that Plaintiff's claims are barred under the entire controversy doctrine.[2] ECF No. 5. Plaintiff responds that the entire controversy doctrine is inapplicable because: (a) his present claims arose out of specific acts of discrimination that occurred only after the conclusion of the state court action, which did not have a final judgment on the merits, and (b) invocation of the doctrine in these circumstances would turn Plaintiff's state court settlement into a prospective waiver of all discrimination claims, in violation of public policy interests.[3] ECF No. 7 at 4–5.

The entire controversy doctrine "requires a party to bring in one action 'all affirmative claims that it might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (citation omitted). Federal courts apply the doctrine "where there was a previous state-court action involving the same transaction." *Hua v. PHH*

---

[2] "Motions to dismiss based on New Jersey's entire controversy rule are properly considered as motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 547 (D.N.J. June 22, 2017).

[3] Because the Court rejects the entire controversy doctrine argument based on when Plaintiff's present claims accrued, it need not address Plaintiff's argument regarding public policy interests.

3

*Mortg.*, No. 14-7821, 2015 WL 5722610, at *5 (D.N.J. Sept. 29, 2015). The doctrine only applies to cases where "(1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." *D'Agostino v. Appliances Buy Phone, Inc.*, 633 F. App'x 88, 91 (3d Cir. 2015); *see also In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) ("As an equitable doctrine, its application is flexible, with a case-by-case appreciation for fairness to the parties.").

Under the first prong, the Superior Court's dismissal of Plaintiff's case after the parties settled, constitutes a valid final judgment on the merits of the state court claims, because "the New Jersey Superior Court's dismissal of plaintiffs' suits, subsequent to settlements, constitute valid and final decisions on the merits." *Mawhinney v. Bennett*, No. 08-3317, 2010 WL 147945, at *7 (D.N.J. Jan. 11, 2010). The second prong is also satisfied because Plaintiff and Defendant were parties in the state court action. ECF No. 5-3 at 8.

The third prong requires that the underlying facts in the later action be sufficiently related to those in the original action, such that the two actions "arise from related facts or the same transaction or series of transactions." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (citation omitted). Even where the later claim involves a different cause of action, the court must apply the entire controversy doctrine "where a party could or should have raised claims in an original state action." *Rodsan v. Borough of Tenafly*, No. 10-1923, 2011 WL 2621016, at *7 (D.N.J. June 30, 2011). Here, Defendant argues that Plaintiff's instant claims arise out of the same alleged discriminatory conduct at issue in the state court action. ECF No. 5 at 9–11. Plaintiff counters that his claims do not arise out of the same transaction as the state court action because his federal claims arise out of specific discriminatory conduct of a different nature that developed only after he filed the state court action. ECF No. 7 at 5–6.

4

Although the state court action and the case before this Court both arose out of Defendant's alleged discrimination against Plaintiff based on his Guyanese origin, the entire controversy doctrine is inapplicable here because Plaintiff did not know of the alleged pay disparity until after the state court action concluded. *See* id. "Whether a claim should have been included in a prior action is dependent upon when the claim accrued, which is determined by considering 'when a plaintiff knows or should know of the facts underlying his claim, not when he understands the legal consequences of those facts.'" *Rodsan*, 2011 WL 2621016, at *7 (citation omitted). Here, Plaintiff only discovered evidence of the pay disparity in 2016, two years after the state court dismissed his NJLAD claims. ECF No. 7 at 5–6. Furthermore, Defendant does not argue that Plaintiff knew or should have known of the pay disparity when he brought his state court action. Thus, despite the similar underlying circumstances of the state court claims and the ones before this Court, the entire controversy doctrine does not bar Plaintiff's present claims. *See Mullarkey*, 536 F.3d at 229 ("The entire controversy doctrine does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action.").

## IV. CONCLUSION

For the reasons set forth above, the entire controversy doctrine does not bar Plaintiff's claims. Accordingly, **IT IS** on this ___9___ day of January, 2020,

**ORDERED** that Defendant's motion to dismiss (ECF No. 5) is **DENIED**.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**